## BENJAMIN CRIST v. WILLIAM W. PARKS.

It is not necessary that the affidavit to a petition for a certiorari, should be sub-
scribed by the affiant ; the Statute does not require it, and it is not necessary
on general principles, although it would doubtless be the better practice.
(The Statute required an affidavit in writing.) But if signing were essential,·
the Court should have permitted the party to supply the omission.

Appeal from Anderson. Tried below before the Hon. John
H. Reagan.

Suit by appellant against appellee in a Justice's Court.
Certiorari by appellant. The affidavit to the petition for cer-
tiorari was certified by the officer, but not subscribed by the
affiant. Exceptions were filed to the petition on several
grounds, one of which was that the affidavit was not sub-
scribed by the affiant. The exceptions were sustained, and
the petition dismissed. It appeared by the bill of exceptions,
that before the exceptions were sustained, the plaintiff proposed
to supply the defect in the affidavit, but the Court refused.

*J. E. Cravens*, for appellant, cited Shelton v. Berry, decided
at the present session.

*E. H. Harrell*, for appellee, cited 1 Bac. Abr. tit. AFFIDA-
VIT ; Burr. Law. Dic. Art. DEPOSITION, 366 ; 1 Bouvier Law
Dic. tit. AFFIDAVIT *and* DEPOSITION, 88, 453.

WHEELER, J. If the case is truly stated in the petition, it
does not admit of question that the Justice gave a wrong judg-
ment, to the injury of the plaintiff, and he was entitled to his
remedy.

It is objected that the affidavit of the truth of the petition
is not signed by the party. The Statute does not prescribe

Crist v. Parks.

signing as a requisite of the affidavit. (Hart. Dig. Art. 1753.) But we are referred, for the definition of an affidavit, to Bacon's Abridgement, title " Affidavit," where it is said, " An affidavit is an oath in writing, signed by the party deposing, sworn before and attested by him who hath authority to administer the same." But that definition is probably founded on the practice, under rules of Court, (Ib. A and notes,) and doubtless it is the better practice for the party to sign his name to the affidavit. But it is matter of practice and is not absolutely essential where there is no statute or rule of Court which requires it. It certainly does not enter into the original meaning and definition of an affidavit. (3 Bl. Com. 304 ; Burrill, Law Dictionary, title " Affidavit ;" Bouvier L. Dic., same title.) But if signing were essential, we entertain no doubt that the Court should have permitted the party to supply the omission.

The judgment is reversed and the cause remanded.

Reversed and remanded.