## E. L. Morris *v.* The State.

INFORMATION.—An officer taking an affidavit must sign the *jurat;* otherwise, the document is not an affidavit, and will not suffice as the basis of an

information; and this court, on an appeal from a conviction had upon an information based upon such uncertified document, not only reverses the judgment, but dismisses the cause.

APPEAL from the County Court of Montague. Tried below before the Hon. B. E. GREEN, County Judge.

The charge against the appellant was resisting and opposing an officer's making an arrest of one Hewitt.

The verdict was, guilty, with a fine of $250.

*Grigsby & Willis*, for the appellant, filed an able brief upon the entire case.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J.   The *jurat* to the affidavit or complaint upon which the information in this case is based is not signed by the officer before whom the complaint or affidavit was made.

"An affidavit is defined by Blackstone to be 'a voluntary oath, before some judge or officer of the court, to evince the truth of certain facts.' 3 Bl. Com. 304. In practice it means an oath or affirmation reduced to writing, sworn or affirmed before some officer who has authority to administer it." Bouv. L. Dic., title Affidavit; Burrill and Tomlinson, same title. "It must be in writing. * * * It is sufficient that it be made before an officer authorized by law to administer it, and that he reduce it to writing, and certify officially to the fact of its having been made before him." *Shelton* v. *Berry*, 19 Texas, 154; *Crist* v. *Parks*, 19 Texas, 234; *Alford* v. *Cochrane*, 7 Texas, 488.

Our law requires an information to be based upon the affidavit of some credible person, reduced to writing, and sworn to before the clerk of the county court, the county judge, or the county or district attorney; or a justice of the peace, and filed with the information. Gen. Laws 1876,

p. 20, sec. 8 ; p. 87, secs. 13, 14, 15, 16, 17 ; Pasc. Dig., Art. 2871.

The affidavit or complaint in this case does not show that it was made before any of the officers authorized by law, or in fact before any officer at all, and the case is before us as though there were no affidavit or complaint upon which the information was based.

An information not based upon a proper affidavit is fatally defective. See *Davis* v. *The State*, and *Daniels* v. *The State*, decided at the present term, *ante*, pp. 184, 353.

The judgment of the lower court is reversed and the case is dismissed.

*Reversed and dismissed.*