## JOHN DAVIS v. MYRA B. SHERRILL.

### Decided November 7, 1908.

**Attachment—Defective Affidavit—Amendment.**

Since the adoption of the Revised Statutes in 1879 an affidavit for attachment must be signed by the affiant before the issuance of the writ. A failure to sign the affidavit is fatal to the writ, and it can not be subsequently amended by attaching the signature thereto.

Appeal from the District Court of Dallas County. Tried below before Hon. E. B. Muse.

*Albert W. Webb,* for appellant.—The affidavit must be in writing and signed (art. 6, Rev. Stats. of Texas, 1895) ; Gordon v. State, 16 S. W., 337; Lanier v. Taylor, 41 S. W., 516; Kohn v. Washer, 6 S. W., 551; Anderson v. Cochran, 93 Texas, 583.

An affidavit in attachment can not be amended. Sydnor v. Chambers, Dallam, 605; Marx v. Abramson, 53 Texas, 264; Avery v. Zander, 77 Texas, 209; Smith v. Wallis, 45 S. W., 820.

*Saner & Saner* and *Don Robinson,* for appellee.—An affidavit defective because of errors or omissions in its formal parts, such as the failure of the affiant to subscribe his name thereto, may be cured by amendment.    May v. Ferrill, 22 Texas, 340; Ryan v. Goldfrank, 58 Texas, 356; Simms v. Redding, 20 Texas, 388; Arnold v. Kreissler, 22 Texas, 581; Gray v. Steedman, 63 Texas, 95.

BOOKHOUT, ASSOCIATE JUSTICE.—The following statement of the case is taken from the brief of appellant, and the same appearing to be correct, it is adopted:

Appellee, plaintiff below, filed her suit against John Davis on a note for five hundred dollars, dated September 15, 1903, due two years after date, with eight percent interest, and the usual provisions for attorney's fees, and at the same time filed an instrument which she styled an affidavit and bond in attachment, and proceeded to have issued a writ of attachment. In her prayer she asks judgment for her debt with the foreclosure of the attachment upon the property seized. There was not in the trial court, nor is there any controversy here, as to the money judgment proper to be rendered in favor of the plaintiff below, Mrs. Myra B. Sherrill, and against the defendant, John Davis. The only question is as to the writ of attachment.

The purported affidavit is in words as follows:

"State of Texas, County of Dallas.
"Mrs. Myra B. Sherrill, plaintiff,
"vs.
"John Davis, defendant.

"Before me, the undersigned authority, on this day personally appeared R. E. L. Saner, who, being by me duly sworn, says that he is the attorney for Mrs. Myra B. Sherrill, plaintiff in the above entitled cause; that the defendant, John Davis, is justly indebted to the plaintiff in the sum of four hundred and ninety ($490) dollars, with interest thereon at the rate of eight percent per annum from the· 15th day of September, A. D. 1903, together with an additional amount of ten percent as attorney's fees, which amount at this date is seven hundred and four and seventy-seven one-hundredths dollars, and that the said John Davis is about to convert this property, or a part thereof, into money for the purpose of placing it beyond the reach of his creditors; that the attachment is not sued out for the purpose of injuring or harassing the defendant; that the plaintiff will probably lose her debt unless this attachment is issued.

"Sworn to and subscribed before me this, the 22d day of March, A. D. 1907.

"George W. Mitchell,
"(Seal.)    "Notary Public in and for Dallas County, Texas."

Same being regular, except that it was neither signed by plaintiff below or anyone else. The defendant below called the attention of the court to the defect by a motion to quash the writ; plaintiff below replied by a motion to be allowed to amend her affidavit by having Saner, her attorney, attach his signature to the instrument. The motion to quash

was overruled. The motion to amend was granted, and the court rendered judgment for the debt and ordered the land seized in attachment to be sold in satisfaction of the debt; thereafter defendant's motion for a new trial was overruled, to all of which said John Davis excepted and gave notice of appeal, which was duly perfected.

The only question presented by this appeal is, was the purported affidavit for attachment sufficient, and if not, could it be amended? Article 186 of the Revised Statutes authorizes the issuance of a writ of attachment upon the plaintiff, his agent or attorney making an affidavit in writing, setting up the existence of some one of the statutory grounds therein set out for the issuance of the writ. The making of the affidavit is the basis for the issuance of the writ and without the affidavit the writ is unauthorized. Article 6 of the Revised Statutes provides that "All affidavits provided for in this title shall be in writing and signed by the party making the same."

It is held that the words, "all affidavits provided for in this title," mean all those concerning or relating to which the provisions of the title are made. It is further held that the language is mandatory, and necessarily has the effect to make the signature of the affiant a necessary part of all affidavits embraced within its provisions. Anderson v. Cochran, 93 Texas, 583.

In the case cited it was held that an affidavit required to establish a claim against an estate must comply with said article 6, and must be in writing and signed by the party making the same. It is also clear from the opinion in that case that article 6 of the Revised Statutes applies to affidavits for attachment, and that a writ of attachment issued upon an affidavit not signed by the party making the same, is unauthorized and void.

Article 6 of the Revised Statutes was not adopted until 1879, and the decisions prior to its adoption held that the signature of the affiant was not an essential part of an affidavit. Shelton v. Berry, 19 Texas, 154; Crist v. Parks, 19 Texas, 234.

The purported affidavit in this case not being signed by the affiant, it was not an affidavit within the meaning of the statute. Not being an affidavit, it could not be amended, and the trial court erred in permitting the amendment, allowing the affiant to attach his signature thereto.

It follows that the trial court erred in overruling the motion to quash the writ of attachment.

The judgment is reformed and the writ of attachment is quashed, and that part of the judgment foreclosing the attachment lien is held error and is set aside. The money judgment on the note in favor of appellee is affirmed.

*Reformed and affirmed.*