**Fred C. ANDERSON et al., Appellants,**

v.

**Emil BORMANN et al., Appellees.**

No. 15092.

Court of Civil Appeals of Texas, San Antonio.

Jan. 10, 1973.

Rehearing Denied Feb. 7, 1973.

Lloyd L. Oubre, San Antonio, for appellants.

R. L. House, House, Mercer, House & Brock, San Antonio, for appellees.

.CADENA, Justice.

Plaintiffs, Fred C. Anderson and Gilbert E. Kinder, a partnership, filed this suit against defendants, Emil Bormann, Henrietta Belzung and Edward Belzung, husband of Henrietta Belzung, seeking specific performance of a contract to convey land. Plaintiffs appeal from an order granting defendants' motion for summary judgment.

Plaintiffs first contend that the trial court erred in granting the motion for

summary judgment, which was a second motion, because the trial court had previously denied defendants' first motion for summary judgment; and the filing of a second motion for summary judgment, after the first has been overruled, is not authorized.

■ We find nothing in Rule 166–A, Texas Rules of Civil Procedure, which places a limitation on the number of motions for summary judgment which may be filed. The denial of a motion for summary judgment is merely an interlocutory order and is in no way final. Ackermann v. Vordenbaum, 403 S.W.2d 362 (Tex.1966); Wright v. Wright, 154 Tex. 138, 274 S.W. 2d 670 (1955). Such an order does not finally decide any question before the court, and we do not think it has the effect of limiting the power of the trial court in any way. See Allstate Insurance Co. v. Smith, 428 S.W.2d 807 (Tex.1968). Compare Drake v. Texas Dept. of Public Safety, 393 S.W.2d 320 (Tex.Civ.App.—Houston 1965, writ ref'd n. r. e.).

■ Plaintiffs' second point asserts: "The Trial Court erred in sustaining Appellees' First Amended Motion for Summary Judgment in that there are numerous fact questions involved, and which are raised in the pleadings of Appellants and Appellees, as well as those raised in the various affidavits, exhibits, and admissions." Defendants complain that such point is too general to be considered by this Court. In view of the holding in Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex.1970), it is apparent that we are required to consider plaintiffs' second point.

The Statement and Argument under plaintiffs' second point are directed solely to the contention that fact issues are raised by the *pleadings*. The entire thrust of the Statement and Argument under the second point is contained in plaintiffs' sentence in such Statement and Argument: "These is-

sues are raised in the Appellants' Second Amended Original Petition and in the Appellees' Fourth Amended Original Answer."

■ Of course, except in an unusual case, the pleadings of the parties will raise issues of fact, since it is the office of pleadings to frame the issues in the case. If the case before us was one in which summary judgment had been granted strictly on the pleadings, we would be compelled to hold that the trial court erred in granting summary judgment. But the mere fact that, for example, the affirmative defenses urged by defendants in this case involve questions of fact, does not preclude the granting of summary judgment if, by resort to supporting affidavits and other methods of summary judgment "proof," defendants establish that there are no genuine issues of material fact, and that they are entitled to judgment as a matter of law.

■ It is true, as pointed out by Chief Justice Calvert in Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex.1970), that the question in the trial court, as well as on appeal, is not whether the summary judgment proof raises fact issues with reference to the essential elements of plaintiff's claim or cause of action, ". . . but is whether the summary judgment proof *establishes as a matter of law that there is no genuine issue of fact* as to one or more of the essential elements . . ." of the plaintiff's cause of action or, where the movant is defendant relying on affirmative defenses, as to the essential elements of the movant's affirmative defenses.

■ But this does not mean that a party who, on appeal, seeks to set aside a summary judgment rendered against him, does not have the burden of convincing the appellate court that the trial court erred in granting the motion for summary judgment. That is, in the trial court, the mov-

**948**

ant for summary judgment must discharge his burden of showing that there are no material issues of fact and that he is entitled to judgment as a matter of law. But when the movant's motion for summary judgment is granted, the complaining party who seeks relief in an appellate court has the burden of showing, a burden which must be borne by all appellants, that the trial court erred in granting the motion for summary judgment. This means that, in most summary judgment cases, the appellant against whom such a judgment has been rendered must show that, considering the pleadings and the summary judgment proof, the trial court erred in concluding that there was no material issue of fact. He need not show that the summary judgment record discloses the existence of a material issue of fact. But he must show that the proof is insufficient to establish, as a matter of law, the absence of such an issue.

■ In a case where, as here, the record discloses that the summary judgment was based not solely on the pleadings, but also on affidavits, the appellant does not discharge his burden in this Court by merely showing that, looking at the pleadings alone, it is apparent that factual questions are involved. He must go further and show, in order to reverse the judgment below, that the summary judgment proof is insufficient to establish, as a matter of law, the absence of fact issues. Unless he does that, he has not shown that the trial court erred in granting the summary judgment.

Nowhere in their brief do plaintiffs call our attention to any possible fact issue which was not eliminated by the summary judgment proof. The "briefing" of plaintiffs' second point consists of a summary of the pleadings and a summary of the general rules relating to the propriety of granting motions for summary judgment. The only reference to the summary judgment proof, aside from a statement to the effect that a deposition had not been considered by the trial court because it had been lost or misfiled, is found in the second-to-last sentence of the Argument under the second point: "The Trial Court had before it the motion and affidavit of Mr. and Mrs. Bormann supporting same, together with the Fourth Amended Original Answer of the Appellees as well as the court's file, the Appellants responding by answer to the motion for summary judgment, together with a controverting affidavit; all affidavits being duly sworn and subscribed to." The allegations in the affidavits are not set out or summarized. Our attention is called to no material issue of fact which the affidavits relied on by defendants fail to eliminate.

■ We are not inclined to search through the record and analyze the pleadings and the summary judgment proof in an effort to discover a possible issue of fact which was not eliminated by the summary judgment proof. If defendants failed to meet the burden imposed on them as movants for summary judgment, it is the burden of plaintiffs, as appellants, to point out how defendants failed to show that they were entitled to summary judgment. Since plaintiffs have failed to call our attention to any deficiency in the summary judgment proof, they have failed to show that the trial court erred in granting the motion for summary judgment.

The judgment of the trial court is affirmed.