Javier G. DE LOS SANTOS, Appellant,

v.

SOUTHWEST TEXAS METHODIST HOSPITAL and Charles A. Hulse, M.D., Appellees.

No. 04–90–00139–CV.

Court of Appeals of Texas, San Antonio.

Nov. 21, 1990.

Rehearing Denied Dec. 20, 1990.

Hugo Xavier De Los Santos, R. Robert Willmann, Jr., San Antonio, for appellant.

Thomas H. Crofts, Jr., Ruth E. Greenfield, Jo Reser, Groce, Locke & Hebdon, J. Mark Craun, Stephan B. Rogers, Akin, Gump, Strauss, Hauer & Feld, San Antonio, for appellees.

Before BUTTS, PEEPLES and BIERY, JJ.

## OPINION

BIERY, Justice.

Javier G. De Los Santos appeals from summary judgments in favor of Southwest Texas Methodist Hospital and Charles A. Hulse, M.D. The Hospital filed suit on a sworn account and by summary judgment recovered $5,116.35 plus interest. The court further found that appellant De Los Santos take nothing by his medical malpractice counterclaim against the Hospital. In addition, Dr. Hulse's motion for summary judgment was granted due to the expiration of limitations thus disposing of appellant's malpractice claim against the doctor.

On May 24, 1988, Southwest Texas Methodist Hospital (Hospital) filed suit on sworn account against appellant seeking payment for services rendered during appellant's hospital stay from April 16, 1986 until April 25, 1986. On July 1, 1988, appellant filed a counterclaim against the Hospital and a cross claim against Dr. Hulse for malpractice.[1] Dr. Hulse's first motion for summary judgment was denied because appellant filed an affidavit which controverted the limitations expiration date. Following discovery, Dr. Hulse filed a motion to strike the affidavit. The affidavit filed by appellant was struck by the court but Hulse's motion to set aside the denial of the first motion for summary judgment was denied. Dr. Hulse later filed a second motion for summary judgment again based on limitations which was granted. The trial court also granted the Hospital's motion for summary judgment.

Appellant asserts that the summary judgments were erroneously granted. In five points of error appellant claims error in the granting of the summary judgments and in two points he asserts error in the denial of his motion for new trial.

The supreme court has mandated the standard for reviewing a motion for summary judgment as follows:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Elam v. Yale Clinic,* 783 S.W.2d 638, 641 (Tex. App.—Houston [14th Dist.] 1989, no writ). Applying this standard to the summary judgment evidence of this case, we affirm the summary judgments in favor of the Hospital and Dr. Hulse.

In his first three points of error, appellant contends that summary judgment should not have been granted for Dr. Hulse based on limitations because: 1) notice of the suit was given to the doctor in accordance with Article 4590i and suit filed on July 1, 1988 was timely. Further appellant asserts that he was not given proper notice

---

1. A cross claim was also filed against the doctor who actually performed the surgery on appellant at the Hospital. The action against that doctor was severed and is not a part of this appeal.

of the second motion for summary judgment which constitutes reversible error; 2) the suit against Dr. Hulse was a cross claim, therefore the provisions of § 16.069 of the Civil Practice and Remedies Code were applicable; and 3) appellant should have been given the opportunity to amend the stricken affidavit, in response to Dr. Hulse's motion for summary judgment, in accordance with Rule 166a(e) and (g) of the Texas Rules of Civil Procedure.

Medical malpractice actions are governed by an absolute two-year limitation period. Article 4590i, § 10.01 provides that "no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed." TEX.REV. CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1990). In addition, § 4.01 provides that a person asserting a health care liability claim must give written notice of the claim by certified mail, return receipt requested, to each physician or health care provider against whom the claim is made. Such notice must be given at least 60 days before the suit is filed. TEX.REV.CIV. STAT.ANN. art. 4590i, § 4.01(a) (Vernon Supp.1990). As the movant for summary judgment, Dr. Hulse had the burden of conclusively proving that the claim was barred by limitations as a matter of law. *See Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983); *Sanchez v. Memorial Medical Center Hosp.*, 769 S.W.2d 656, 658 (Tex. App.—Corpus Christi 1989, no writ).

■ The record reflects that Dr. Hulse first saw appellant on April 3, 1986, for treatment of abdominal pain. Following a second office visit on April 10, 1986, appellant entered the Hospital where surgery was performed by another doctor on April 18th. Dr. Hulse did not perform or assist in the surgery but did visit appellant three times during his hospitalization. After appellant's release from the Hospital, Dr. Hulse wrote two letters summarizing appellant's care to two other doctors. These letters were dated April 30, 1986. Dr.

Hulse's summary judgment proof included his affidavit stating that he did not receive notice of the suit until May 6, 1988. In addition, he attached to his motion the deposition of appellant wherein appellant stated that he had no contact with Dr. Hulse by phone or in person after his release from the Hospital on April 25th. When the medical malpractice claim alleges a misdiagnosis or mistreatment, the limitation period begins to run on the last day of treatment by the health care provider. *See Kimball v. Brothers*, 741 S.W.2d 370, 372 (Tex.1987).

Appellant asserts that the last day of treatment was July 30, 1986, based upon the letters Dr. Hulse wrote to the doctors and a progress note on appellant's hospital chart. The relevant portions of the letters and the progress note read as follows:

... We feel that the patient should be placed on steroid therapy, for about three months, starting with a fairly heavy dose of Aristocort Medrol, or another steriod preparation of your choice....

... Since there was some fairly acute inflammatory process noted, we plan to have the patient given, either at his hometown by his local physician, or back up here, a three month course of steroids to see if we can quiet this thing down....

The progress note stated "suggest 3 mos. of steroids and re-evaluate".

Appellant claims that limitations should start to run after the above suggested three month period. The letters were dated April 30, 1986; by adding three months to the letter date, July 30th became the last day of treatment. Therefore notice given on May 6, 1988 was timely as was the suit filed on July 1, 1988. Despite appellant's assertion, the summary judgment evidence is devoid of any evidence that treatment was actually rendered by Dr. Hulse prescribing the steroids or that appellant ever took steroids. In fact, appellant does not even allege that Dr. Hulse had any actual involvement with him after April 30, 1986.

Appellant's only evidence before the court in the second motion for summary

judgment was the two April 30th summary letters, the progress/discharge note, and two notice of claim letters. Of the two notice letters, the letter dated April 20, 1988 was sent by regular mail contrary to article 4590i, § 4.01. Dr. Hulse admits receiving only the May 6, 1988 letter which was sent certified mail. Appellant asserts that the court did not strike the April 20th letter when it struck appellant's affidavit. Additionally, appellant relies on the Texas Supreme Court decision in *Schepps v. Presbyterian Hosp.*, 652 S.W.2d 934 (Tex.1983), which held that suit should be abated for 60 days until certified mail notice is given rather than barring the suit merely for failure to give notice. However in *Schepps*, unlike this case, the plaintiffs filed suit prior to the expiration of limitations but failed to give the required statutory notice. In the case before us, the notice of claim was sent more than two years after the alleged tort and suit was filed after the limitations period had expired. Therefore, appellant's argument is without merit. *Kimball v. Brothers*, 741 S.W.2d 370, 371–72 (Tex.1987).

■ Appellant also claims that the granting of the second motion for summary judgment was in error because improper notice was given between the time of filing and hearing. On October 16, 1989, Dr. Hulse filed and set his second motion for summary judgment and by certified mail sent notice to the appellant. Appellant asserts that three days must be added to the 21–day period before hearing pursuant to Rules 21a and 166a(c) of the Texas Rules of Civil Procedure. Accordingly, the hearing was to be held either on November 9 or 10 instead of the November 8th hearing date. We disagree.

■ Rule 21a does not change the notice requirements of rule 166a(c). *Lynch v. Bank of Dallas*, 746 S.W.2d 24, 25 (Tex. App.—Dallas 1988, writ denied). Sufficient notice of a summary judgment hearing still requires only twenty-one days. *Id.* In calculating the twenty-one days, the movant must exclude the day of service and the day of hearing. *Id.; Gulf Refining Co. v. A.F.G. Management 34 Ltd.*, 605 S.W.2d

346, 349 (Tex.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). Service by mail is complete upon deposit of the paper, properly addressed in a post office or official depository. TEX.R.CIV.P. 21a. Therefore, appellant was given twenty-two days' notice prior to the November 8th hearing in accordance with the rules. Appellant's first point of error is overruled.

■ In the second point of error, appellant claims that the trial court erred in striking the affidavit filed in response to Hulse's first motion for summary judgment. The affidavit in question was dated December 21, 1988 and in part read:

BEFORE ME, the undersigned authority, on this day personally appeared JAVIER DE LOS SANTOS, known to me to be the person whose name is subscribed below, who, being by me first duly sworn, stated:

"My name is Javier de los Santos. I am an adult male person residing in Mercedes, Texas, am of sound mind and not otherwise legally incompetent to make this affidavit, which is based upon my personal knowledge.

On on (sic) after May 14, 1986, I spoke with Dr. Hulse over the telephone regarding his advice to begin treatment using steroids during my post-operative period.

The above statements are true and correct."

The affidavit presented a fact issue as to when the statute of limitations expired and the trial court thereafter denied Dr. Hulse's first motion for summary judgment. Following the denial, appellant testified in his deposition that he did not sign the affidavit. In open court, appellant's son and attorney of record admitted that he instead of his father had signed the affidavit. Thereafter, Dr. Hulse filed a motion to strike the affidavit which was granted.

Appellant relies on Rule 166a of the Texas Rules of Civil Procedure for the proposition that instead of striking the affidavit, the court should have allowed him to amend. Pursuant to Rule 166a(e), if the affidavit has a defect as to form, a party is allowed the opportunity to amend. TEX.R.

CIV.P. 166a(e). In addition, Rule 166a(g) does not provide that the trial court may strike an affidavit made in bad faith. Based upon these two rules, appellant claims the affidavit was struck in error and as a result, the evidence presented by Dr. Hulse's second motion for summary judgment was no longer controverted as to limitations.

■■■ The facts are undisputed that appellant did not sign or swear to the statement. In order to be an affidavit, a written statement must be signed by the person making the statement. *Davis v. Sherrill*, 52 Tex.Civ.App. 259, 261, 113 S.W. 556, 557 (1908, no writ); TEX.GOV'T CODE ANN. § 312.011(1) (Vernon 1988). In addition, the person making the affidavit must swear to and sign the statement in front of a notary. *Hardy v. Beaty*, 84 Tex. 562, 566, 19 S.W. 778, 779 (1892); *Dixon v. Mayfield Bldg. Supply Co.*, 543 S.W.2d 5, 7–8 (Tex.Civ.App.—Fort Worth 1976, no writ). A statement signed on behalf of the affiant, as is the case herein, is not a valid affidavit even if the affiant expressly authorizes the signature. *Sullivan v. First Nat'l Bank*, 37 Tex.Civ.App. 228, 83 S.W. 421, 422 (1904, no writ). The affidavit is also invalid when the notary certificate attesting to affiant's presence before the notary is false. *Wise v. Cain*, 212 S.W.2d 880, 882 (Tex.Civ.App.—Austin 1948, writ ref'd n.r.e.). The lack of a properly notarized signature is substantive and not a purely formal defect. *Elam v. Yale Clinic*, 783 S.W.2d 638, 643 (Tex.App.—Houston [14th Dist.] 1989, no writ). Therefore, appellant's contention that he should have been allowed to amend is without merit.

■■■ In addition, unsigned, unsworn statements are not competent summary judgment proof. *Id.* Rule 166a requires affidavits to conform to the provisions of § 312.011(1) of the Government Code and be made on personal knowledge. *Norcross v. Conoco, Inc.*, 720 S.W.2d 627, 630–32 (Tex.App.—San Antonio 1986, no writ); TEX.R.CIV.P. 166a(e). Summary judgment evidence not conforming to Rule 166a is subject to being stricken. *Pickering v. First Greenville Nat'l Bank*, 495 S.W.2d

16, 19 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r.e.). Therefore, based on the record, the trial court had the authority to strike the December 21, 1988 document for non-conformance.

However, appellant also relies on Rule 166a(g) which allows an affidavit to be amended when offered in bad faith. The motion to strike was not based on appellant's bad faith but rather that the affidavit was substantively defective, i.e. not signed by the affiant. An affidavit not signed by the affiant cannot be amended. *Davis*, 52 Tex.Civ.App. at 261, 113 S.W. at 557. Appellant's point of error two is overruled.

■■■ Appellant asserts, in point of error three, that the suit against Dr. Hulse was timely filed pursuant to the provisions of § 16.069 of the Civil Practice and Remedies Code. This section states:

(a) If a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim even though as a separate action it would be barred by limitation on the date the party's answer is required.

(b) The counterclaim or cross claim must be filed not later than the 30th day after the date on which the party's answer is required.

The Hospital filed its original petition on May 24, 1988. The cross claim by appellant against Dr. Hulse arose out of the same transaction or occurrence as the Hospital's action. Applying the above section, appellant's answer to the Hospital's suit was not required to be filed until June 20th and therefore, appellant had until July 31st to file his cross claim against Dr. Hulse. By filing on July 1, appellant's cross action was timely filed. Appellant further asserts that because Dr. Hulse's motion did not specifically address this issue, the summary judgment must fail.

Article 4590i, § 10.01 governing medical liability claims clearly states it applies "notwithstanding any other law." TEX.REV. CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1990). The Texas Supreme Court

has held that the general tolling statutes are inapplicable to medical malpractice claims. *See Hill v. Milani,* 686 S.W.2d 610, 611 (Tex.1985). The clear purpose of article 4590i was to alleviate a perceived medical malpractice insurance crisis and in that effort, the legislature adopted an absolute two-year period. *Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex.1985). To allow § 16.069 to apply in this case would extend limitations to four years any time a hospital or health care provider sued to collect for services. This would destroy the legislative goal of the absolute two-year period. *Id.*

Additionally, appellant asserts that "judge shopping" occurred because Dr. Hulse's second motion was granted by another judge only ten days after Hulse's request to set aside the order denying summary judgment was denied. In connection with this assertion, appellant claims that the concepts of res judicata and collateral estoppel apply to the second motion because no new evidence was presented. The record reflects that on October 6, 1989, the trial court granted Dr. Hulse's motion to strike the evidence as it related to the above mentioned affidavit but denied the request to set aside the order denying summary judgment. Ten days later, Dr. Hulse filed his second motion for summary judgment and at this time attached excerpts from the depositions of appellant and his son/counsel. The second motion, although based on limitations, was now supported by testimony which had been unavailable when the first motion was heard.

Once a summary judgment motion is denied, the judge that denied the motion or the judge to whom the case is transferred may change or modify the original order. *R.I.O. Systems, Inc. v. Union Carbide Corp.,* 780 S.W.2d 489, 492 (Tex. App.—Corpus Christi 1989, writ denied). Rule 166a does not place a limitation on the number of times a motion for summary judgment may be filed. *Anderson v. Bormann,* 489 S.W.2d 945, 947 (Tex.Civ.App.—San Antonio 1973, writ ref'd n.r.e.). The denial of a summary judgment motion is

interlocutory and in no way final. *Id.* Appellant's point of error three is overruled.

In points of error four and seven, appellant asserts that the trial court erred in denying his motion for new trial as to both Dr. Hulse and the Hospital. However, appellant does not cite authority or offer any argument demonstrating how the denials were erroneous. Therefore nothing is presented for review. *See Sanchez v. Jary,* 768 S.W.2d 933, 936 (Tex.App.—San Antonio 1989, no writ). Points of error four and seven are overruled.

In point of error five, appellant reasserts the arguments made in points of error one through three as they pertain to the Hospital's motion for summary judgment as to the medical malpractice counterclaim as follows: 1) the trial court did not strike the April 20th notice letter even though Dr. Hulse requested it; 2) § 16.069 of the Civil Practice and Remedies Code also applies to counterclaims; and 3) three days were not added between date of filing and the hearing on the motion for summary judgment. However, unlike the case involving Dr. Hulse, appellant did not file a response to the Hospital's motion for summary judgment. Unless the summary judgment evidence is clearly insufficient to support the motion, it must be affirmed. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979).

The record reflects that appellant was admitted to the Hospital on April 16, 1986, the surgery performed on April 18th and appellant discharged on April 25, 1986. The Hospital did not provide any additional services after that date. Appellant's claim against the Hospital is based on the surgery of April 18, 1986. When the precise day of the tort is known, limitations begin to run on that date and not from the subsequent hospital discharge. *Kimball v. Brothers,* 741 S.W.2d 370, 372 (Tex.1987). No notice was sent by appellant on or before April 18, 1988, and the claim was barred as a matter of law as discussed above in point of error one.

Appellant raises the issue of the April 20th notice letter as proof of his claim. However, appellant did not oppose the Hos-

pital's motion on the basis of this letter or make the letter a part of the summary judgment evidence as against the Hospital. The letter therefore is not at issue in this appeal. Appellant also claims that the tolling provisions of § 16.069 of the Civil Practice and Remedies Code applies as to the Hospital. However as discussed above in point of error two, limitations for medical liability claims are governed by article 4590i, § 10.01 providing for an absolute two-year limitation.

Additionally, appellant reasserts his previous position that proper notice was not given to him concerning the Hospital's motion for summary judgment because three additional days were not added to the 21–day minimum notice period as required when notice is mailed. As set out above in point of error one, the three day notice provision of Rule 21a does not apply to the 21–day notice provision of Rule 166a(c). *Lynch v. Bank of Dallas*, 746 S.W.2d 24, 25 (Tex.App.—Dallas 1988, writ denied). Appellant's point of error five is overruled.

■ In point of error six, appellant claims error in the summary judgment granted for the Hospital concerning its suit on sworn account because Hospital's affidavit did not satisfy the business records exception to the hearsay rule. In particular, appellant asserts that the affidavit failed to set out that the persons who made the entries had personal knowledge and that such entries were made in the course of a regularly conducted business activity in accordance with Texas Rule of Civil Evidence 803(6). In addition, appellant asserts that no evidence was presented that a claim for payment was made to appellant more than thirty days before the Hospital filed their action.

■ The record reflects however, that no objection was made to the affidavit in the trial court and the complaint is thus waived. TEX.R.CIV.P. 166a(e); TEX.R. CIV.EVID. 802; *Dolenz v. A.B.*, 742 S.W.2d 82, 83 n. 2 (Tex.App.—Dallas 1987, writ denied). Further, the Hospital presented evidence in the form of appellant's own deposition that the charges were due and owing.

■ As a part of this point of error, appellant asserts that the trial court erred in awarding attorney's fees. Appellant's complaint centers on the failure of the Hospital to establish presentment of the claim pursuant to § 38.002 of the Texas Civil Practice & Remedies Code. This section requires that a claimant seeking attorney's fees must present the claim to the opposing party and the claim must remain unpaid for thirty days. TEX.CIV.PRAC. & REM. CODE ANN. § 38.002 (Vernon 1986). The statute does not mandate that the presentment be in any particular form. Nonpayment of a bill or invoice for thirty days satisfies the statute. *See Bethel v. Norman Furniture Co.*, 756 S.W.2d 6, 8 (Tex. App.—Houston [1st Dist.] 1988, no writ). The evidence shows that appellant received a bill from the Hospital long before the hearing on summary judgment. Therefore, the evidence sufficiently established presentment and nonpayment of the claim.

■ Appellant also complains that trial court erred in awarding $11,000 in attorney's fees because that amount exceeds what was sought in the Hospital's original petition. The record reflects that the Hospital prayed for $11,000 in attorney's fees in its amended petition to which appellant did not file a special exception. The Hospital also included in its motion for summary judgment an affidavit containing expert testimony as to the proper amount of attorney's fees to be awarded in the event of an appeal. Therefore the motion along with the affidavit gave appellant notice that appellate attorney's fees were being sought. The award of attorney's fees were supported by pleading and proof. Therefore the court, in its discretion could award attorney's fees for any appeal. *Rosas v. Bursey*, 724 S.W.2d 402, 411 (Tex.App.— Fort Worth 1986, no writ); *Payne v. Synder*, 661 S.W.2d 134, 143 (Tex.App.—Amarillo 1983, writ ref'd n.r.e.). Appellant's sixth point of error is overruled.

The judgment of the trial court is affirmed.