**GULF REFINING COMPANY, Appellant,**

v.

**A. F. G. MANAGEMENT 34 LIMITED
et al., Appellees.**

**No. A2414.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Aug. 6, 1980.

Rehearing Denied Sept. 10, 1980.

Susan R. Sewell, O. Gordon Oldham, Houston, for appellant.

William H. White, Margaret Pollard, William H. White & Associates, Houston, for appellees.

Before BROWN, C. J., and PAUL PRESSLER, and JUNELL, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a Summary Judgment in favor of the landowner, defendant, in a condemnation suit.

Appellant initiated eminent domain proceedings on March 17, 1978, as a common carrier pipeline company, seeking to condemn an easement and right of way for the construction and operation of a pipeline for the transportation of liquid hydrocarbons through realty owned by appellees. Appel-

lant also sought condemnation of a temporary work area for constructing the pipeline. This area was to revert to appellees upon the completion of construction. Special Commissioners were appointed and on April 11, 1978, they entered an award of $6,650.00. On April 28, 1978, appellant deposited this amount with the registry of the court along with the appropriate bond. A Writ of Possession was issued, and appellant proceeded with the construction. Within the time limits prescribed by law, appellees filed Objections and Exceptions to the Award of the Special Commissioners.

On October 30, 1978, appellees amended their objections to the award and filed a "Defendant's Motion to Dismiss." In this motion, appellees asserted that appellant had failed to invoke the jurisdiction of the court because the statutes appellant had cited in its petition as authority for the condemnation, Tex.Rev.Civ.Stat.Ann. arts. 6018, 6020, 6022 (Vernon 1925), had been repealed approximately six months prior to the filing. There after, appellees submitted interrogatories and requests for admissions and on September 20, 1979, appellees filed "Defendant's First Amended Motion to Dismiss," alleging additionally that appellant failed to comply with other jurisdictional prerequisites. Appellees claimed that appellant's board of directors had not passed either a formal resolution declaring the public convenience and necessity of the condemnation, a resolution authorizing the filing of this condemnation proceeding, or a resolution approving the final "good faith" offer made to appellees for the purchase of this property. Appellees alleged that the law requires that the corporation pass such resolutions in order to properly exercise its power of eminent domain. A copy of Defendant's First Amended Motion to Dismiss was sent to appellant by certified mail, return receipt requested, on or about September 18, and was received by appellant on September 19. At that time, no hearing date was requested. On October 30, counsel for appellees confirmed by letter a telephone conversation she had that day with counsel for appellant, notifying appellant that appellees had set their First Amended Motion to Dismiss for hearing on November 9. On November 6, counsel for appellees wrote appellant again purporting to confirm a telephone conversation between counsel on November 1, regarding the "resetting [of] Defendant's Motion to Dismiss for hearing on Thursday, November 15." On November 14, appellant filed its Motion to Strike or in the Alternative for Continuance on Defendant's Motion to Dismiss. At the hearing on November 15, appellant was permitted to file, over the objections of appellees, a Motion for Leave to File First Amended Petition in Condemnation with such Amended Petition attached. This amendment corrected the defects in the original petition by eliminating reference to the repealed statutes and citing the appropriate sections of the Texas Natural Resources Code under which appellant then sought to exercise its right of eminent domain. Appellant also filed its Opposition to Defendant's First Amendment Motion to Dismiss.

Both appellant's Motion to Strike and Motion in Opposition complained that appellees' First Amended Motion to Dismiss requested Summary Judgment Relief, even though the motion was labeled "Defendant's First Amended Motion to Dismiss" and the words "Summary Judgment" were not contained therein. Appellant allegedly reached this conclusion only shortly before the hearing and, therefore, submitted no Summary Judgment proof earlier. Further, appellant complained that, as appellant was notified of the hearing only 14 days prior to its occurrence, the notice requirements of Tex.R.Civ.P. 166–A were not met. The trial court overruled appellant's Motion to Strike and did not rule on appellant's Motion for Leave to File First Amended Petition. It did permit appellant to file its opposition, exhibits, and affidavits.

On November 15, the court held that it would grant appellees' First Amended Motion to Dismiss. Appellant filed a Motion for Rehearing or in the alternative, a Motion for New Trial on November 26, challenging the court's ruling on the grounds

that appellant's exhibits and affidavits had raised a material fact question as to what action appellant's Board had taken. Appellees contended that the ruling was proper, pointing out that appellant had notice of their motion on September 20, more than twenty–one days prior to the hearing. Appellees further contended that appellant's summary judgment proofs were filed less than seven days prior to the hearing, and the affidavits contained therein were insufficient because they were made by interested parties. Appellees thus alleged that no material fact question had been raised. On December 27, the court entered its Order of Dismissal, directing the return of the realty to appellees. The court also filed Findings of Fact and Conclusions of Law, which included the following:

4. The opposition of Gulf Refining Company to the First Amended Motion to Dismiss of Defendant does not comply with the provisions of Rule 166–A of the Texas Rules of Civil Procedure in that it was not filed seven days prior to the day of hearing.

5. The affidavits attached to the Opposition of Gulf Refining Company to the First Amended Motion to Dismiss of Defendant are not proper Summary Judgment evidence in that they do not conform to Rule 166–A of the Texas Rules of Civil Procedure.

6. There is no evidence that the Board of Directors of Gulf Refining Company took affirmative action finding the public convenience and necessity of the condemnation of the subject property.

7. There is no evidence that the Board of Directors of Gulf Refining Company took affirmative action authorizing the filing of the instant action in eminent domain.

8. There is no evidence that the Board of Directors of Gulf Refining Company took affirmative action authorizing the negotiation and making of an offer to Defendants for the purchase of the subject property.

9. In an action in eminent domain condemning authority cannot, by amendment of its Petition in Condemnation, cure jurisdictional defects.

11. The jurisdiction of this court has not been properly invoked herein and this proceeding must be, in all respects, dismissed.

On January 16, 1980, appellant filed its Amended Motion for Rehearing or in the Alternative, Motion for New Trial, which reiterated the grounds relied upon in its first motion and added an affidavit of its president concerning the action taken by its Board relating to this condemnation. This motion was denied January 21, 1980, and this appeal followed.

 We hold that the trial court was not deprived of jurisdiction because of the improper citation of statutes which had been repealed. Tex.Rev.Civ.Stat.Ann. art. 3264 (Vernon 1968) sets out the requirements a condemnor must satisfy in order to exercise its right of eminent domain. Included therein is the requirement that the petition describe the land to be condemned, state the purpose for which it is intended to be used, the name of the owner if known, and that the plaintiff and the owner have been unable to agree upon the value of the land or the damages. Appellant's petition satisfied each of these requirements. It is required that the condemnor have the statutory authority to condemn as a prerequisite to invoking the court's jurisdiction. While it may be desirable to apprise the court of the exact source of its authority in its petition, to do so is not a requirement of this statute. *Accord Ex parte Edmonds*, 383 S.W.2d 579, 581 (Tex.1964); *County of Jim Wells v. Cook*, 410 S.W.2d 325, 327 (Tex.Civ.App.–San Antonio 1966, no writ).

 Appellant claims that the relief sought in appellees' "Motion to Dismiss" is a Summary Judgment. Appellees concede that this is so in spite of the label. Based on that conclusion, appellant argues that it received insufficient notice of the hearing pursuant to Tex.R.Civ.P. 166–A(c) which states in part:

Except on leave of court, the motion shall be served at least twenty–one days before the time specified for the hearing.

Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may serve opposing affidavits or other written response.

Appellees respond that this provision requires only that the motion be served at least twenty–one days prior to the hearing, and not that the motion include the date of the hearing. They contend that the only required notice of the hearing is that set forth in Tex.R.Civ.P. 21a which provides in part:

If the time of service is not elsewhere prescribed, the adverse party is entitled to three days notice of a motion.

We hold this construction of Rule 166–A to be erroneous, as it would create an inconsistency within Rule 166–A. Such construction would render meaningless the requirement that the adverse party "[no] later than seven days prior to the day of the hearing may serve opposing affidavits or other written response." If appellees' construction were correct, the movant could delay giving notice of the hearing until three days prior thereto and thereby deprive the opposing party of a reasonable opportunity to serve affidavits or other written response. The court's discretionary power to permit service within that time period will not satisfy the requirements of due process. We hold that Rule 166–A requires notice of the hearing at least twenty–one days prior to the day on which it occurs.

■ Appellees argue that appellant was not harmed or prejudiced by the notice it received because the court permitted it to file its affidavit and exhibits and then concluded that they were improper Summary Judgment proof under Rule 166–A(e). While appellant's affidavits appear insufficient, not being made upon personal knowledge and containing other possible defects, such deficiencies do not override appellees' failure to give adequate notice. We cannot assume appellant would not have discovered and corrected these defects if it had had the proper length of time to prepare.

■ Having filed a Motion for Continuance, appellant did not waive its right to complain of insufficient notice. In accordance with our conclusions that the trial court did have jurisdiction and that notice for the Summary Judgment hearing was insufficient, we reverse and remand. There are other intriguing questions raised which, became of our holding herein, will not be considered now.

Reversed and remanded.