**William F. LYNCH, Appellant,**

v.

**BANK OF DALLAS, Appellee.**

No. 05–87–00409–CV.

Court of Appeals of Texas, Dallas.

Feb. 3, 1988.

Rehearing Denied March 11, 1988.

Dale Wootton, Dallas, for appellant.

Werner A. Powers, Cheri L. Bowes, Dallas, for appellee.

Before WHITHAM, McCLUNG and STEWART, JJ.

McCLUNG, Justice.

William F. Lynch appeals a summary judgment in favor of Bank of Dallas, appellee, who sued him for breach of a promissory note or, in the alternative, breach of guaranty obligations. Lynch contends the trial court erred in failing to consider his motion for continuance at the summary judgment hearing because (1) the motion constituted his response to the motion for summary judgment; and (2) the rules of procedure did not require him to set his motion for hearing in order to obtain a ruling. He also contends summary judgment for Bank of Dallas was improper because the Bank did not give him sufficient notice prior to the summary judgment hearing. We find no merit in Lynch's arguments, hence we affirm.

On February 10, 1987, Bank of Dallas filed a motion for summary judgment which was served on Lynch by certified mail the same day. The Bank set the motion for hearing on March 5, 1987. Lynch filed a motion for continuance, but did not set a hearing on his motion. At the summary judgment hearing, on March 5, 1987, the trial court granted summary judgment for the Bank.

■ Lynch complains that the trial court should have considered his motion for continuance at the summary judgment hearing, because the motion constitutes a form of "other written response" to summary judgment within the meaning of Texas Rules of Civil Procedure 166–A(c). We need not decide whether Lynch is correct in this assertion because Lynch did not obtain a ruling on his motion and did not object at the hearing to the court's refusal to rule on it. Accordingly, error, if any, in the trial court's failure to rule on the motion was

not preserved. Tex.R.App.P. 52(a) (Vernon Supp.1987).

Lynch similarly complains that the rules do not require him to set a motion for continuance for hearing. Thus even if the motion is not a response within the meaning of rule 166–A(c), the court should have considered it. Again, because Lynch failed to obtain a ruling on his motion or object to the judge's refusal to rule, he has failed to preserve any error which may have occurred.

■ Finally, Lynch complains that summary judgment for the Bank was improper because the Bank did not give him the full required notice of hearing. Texas Rule of Civil Procedure 166–A(c) provides in part:

> Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing.

Tex.R.Civ.P. 166–A(c) (Vernon 1976).

Texas Rule of Civil Procedure 21a provides in part:

> Service by mail shall be complete upon deposit of the paper ... in a post office or official depository.... Whenever a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.

Tex.R.Civ.P. 21a (Vernon 1976). Lynch argues that the three day add-on provision for service by mail extends the twenty-one day period in Rule 166–A(c) to twenty-four days; thus, summary judgment on March 5, 1987 was improper. We disagree.

Rule 21a, by its language, does nothing to change the notice requirements of rule 166–A(c). Twenty-one days notice remains sufficient notice of a summary judgment hearing. In counting the twenty-one days, the movant must exclude the day of service and the day of hearing. *Gulf Refining v. A.F.G. Management 34 Ltd.*, 605 S.W.2d 346, 349 (Tex.App.—Houston 1980, writ ref'd n.r.e.). In the present case, twenty-two days, exclusive of the date of service

and the date of hearing, passed prior to the hearing on March 5, 1987. Because we hold that notice was sufficient and the trial court properly granted summary judgment for the Bank of Dallas, we affirm.