**Gary BLAKE, Appellant,**

v.

**Craig LEWIS and Fisher, Gallagher, Perrin & Lewis, Appellees.**

**No. 01–91–01372–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 4, 1993.

Rehearing Denied Dec. 2, 1993.

James A. Gieseke, Houston, for appellant.

Charles B. Holm, Charles L. Cotton, Coats, Rose, Yale, Holm, Rynan & Lee, P.C., Houston, for appellees.

Before OLIVER–PARROTT, WILSON and O'CONNOR, JJ.

**OPINION**

O'CONNOR, Justice.

This case involves the interplay of two rules of procedure, Tex.R.Civ.P. 166a(c), regarding the notice for the hearing on a motion for summary judgment, and Tex. R.Civ.P. 21a, regarding service of documents.

Gary Blake retained Craig Lewis and the law firm of Fisher, Gallagher, Perrin & Lewis (collectively, the firm) about August 20,

---

1987, to represent him in a medical malpractice and products liability action against a treating doctor, the medical group employing the doctor, the group's doctor-owner, and a pharmaceutical company. The firm filed a lawsuit for Blake against only the treating doctor and pharmaceutical company approximately two weeks later. Blake stated the firm "mysteriously" withdrew from representing him in the case on December 31, 1987. As a result of its withdrawal, Blake contends he was severely prejudiced and a summary judgment was taken against him in the medical malpractice lawsuit on December 5, 1988. He also alleged that a summary judgment in the medical malpractice lawsuit was taken against him because he was incompetent, incapacitated, and unable to retain competent counsel.

Blake filed this suit against the firm on November 20, 1990, alleging five causes of action: professional negligence, breach of warranty, breach of fiduciary duty, violation of the Deceptive Trade Practices Act (DTPA),[1] and fraud. The firm answered with a general denial, and filed a motion for summary judgment. The firm mailed the motion for summary judgment to Blake on June 21, 1991, and set a hearing on the motion for July 15, 1991.

On July 8, 1991, Blake filed a motion for a continuance of the summary judgment hearing and requested a hearing on his motion for July 15, 1991. He supported his motion with an affidavit by his attorney, which stated that he did not receive a copy of the summary judgment motion until June 24, 1991. The motion for continuance argues that under TEX.R.CIV.P. 166a(c), the firm was required to give him 21–days notice of the hearing on the motion for summary judgment, exclusive of the day of hearing and the day of notice. Blake's attorney also stated that he had not completed discovery and needed to depose certain attorneys in the law firm. Blake did not file a response to the motion for summary judgment.

On July 29, 1991, the trial court denied the motion for continuance.[2] On the same date, the trial court granted the firm a summary judgment, and ordered that Blake take nothing.

In point of error one, Blake contends the trial court erred in overruling his motion for continuance because he was not given a full 21–days notice of the motion for summary judgment before the hearing on the motion. Blake counts June 21, the day the summary judgment motion was mailed, as day one, and July 12 as the twenty-first day, and adds three days (to July 15) under TEX.R.CIV.P. 21a. He argues that, under TEX.R.CIV.P. 166a(c), the firm could not set the summary judgment motion for a hearing before July 16, 1991.[3] We agree.

■ Rule 166a(c), which governs summary judgment procedure, provides in part:

Except on leave of court, with notice to opposing counsel, the motion [for summary judgment] and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing. Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response.

TEX.R.CIV.P. 166a(c). The word "shall" indicates the 21–days notice is mandatory, not discretionary. See Williams v. City of Angleton, 724 S.W.2d 414, 417 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.) (rule 166a(c) requires a full 21 days to elapse between notice and hearing). Rule 166a(c) gives the non-movant the right to respond to the motion for summary judgment, but the non-movant must file the response no later than seven days before the hearing. The provision in rule 166a that gives the non-movant 21 days notice of the hearing and the provision that requires the non-movant to file a response seven days before the hearing,

---

1. TEX.BUS. & COM.CODE ANN. § 17.41 (Vernon 1987).

2. The trial court denied the continuance with a written order that stated "after considering [the motion and response] along with argument of counsel."

3. Under Williams v. City of Angleton, 724 S.W.2d 414, 417 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), neither the day notice is received nor the hearing date is counted in the 21 days.

give the non-movant at least 14 days from the date the non-movant is served with the motion to prepare its response. *Williams,* 724 S.W.2d at 417.

█ Rule 21a, which describes the methods of service, provides in part:

Every notice required by these rules ... and except as otherwise expressly provided in these rules, may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record, as the case may be ... by certified or registered mail, to the party's last known address.... Service by mail shall be complete upon deposit of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service.... Whenever a party has the right or is required to do some act within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon by mail ... three days shall be added to the prescribed period....

TEX.R.CIV.P. 21a. The clear purpose of the provision which permits a document to be considered "served" on the day it is mailed is to give both parties a definite date to begin counting the time in which a response is due. Yet, when a party is considered served on the date a document is mailed, versus the date the party actually receives the document, the application of rule 21a penalizes the party by shortening its time to respond. The other part of rule 21a, which provides that "three days shall be added to the prescribed period," presumes the document was received in three days and restores the recipient's full time to respond.

█ In reading rules 166a(c) and 21a together, we must interpret them so they give the non-movant the full 21–days notice of the hearing. *See Williams,* 724 S.W.2d at 417 (motion was delivered, not served by mail). When a party is served by mail with a motion for summary judgment, only by adding three days to the date of the postmark does the party have the full time to respond. Nothing in rule 21a or rule 166a excludes summary judgment from that part of rule 21a.

We realize we have made statements to the contrary in dicta contained in a case styled *Cronen v. City of Pasadena,* 835 S.W.2d 206, 208–209 (Tex.App.—Houston [1st Dist.] 1992, no writ). In *Cronen,* we cited two cases to support those statements, *De Los Santos v. Southwest Texas Methodist Hospital,* 802 S.W.2d 749, 754 (Tex.App.—San Antonio 1990, no writ), and *Lynch v. Bank of Dallas,* 746 S.W.2d 24, 25 (Tex. App.—Dallas 1988, writ denied). *Cronen,* 835 S.W.2d at 209.

In *De Los Santos,* the San Antonio Court of Appeals said:

Rule 21a does not change the notice requirements of rule 166–A(c). *Lynch v. Bank of Dallas,* 746 S.W.2d 24, 25 (Tex. App.—Dallas 1988, writ denied). Sufficient notice of a summary judgment hearing still requires only twenty-one days. In calculating the twenty-one days, the movant must exclude the day of service and the day of hearing. *Id.; Gulf Refining v. A.F.G. Management 34 Ltd.,* 605 S.W.2d 346, 349 (Tex.Civ.App.—Houston 1980, writ ref'd n.r.e.). Service by mail is complete upon deposit of the paper, properly addressed in a post office of official depository. TEX.R.CIV.P. 21a. Therefore, appellant was given twenty-two days notice prior to the November 8th hearing in accordance with the rules.

*De Los Santos,* 802 S.W.2d at 754. The only authority the *De Los Santos* case cited for its holding was the *Lynch* case. If we look to *Lynch,* we find the Dallas Court of Appeals said almost the same thing in that case, but without citing any authority on that point. *Lynch,* 746 S.W.2d at 25. Thus, we believe *Lynch* made the rule without any authority for its holding, *De Los Santos* followed *Lynch,* and in *Cronen,* we erroneously relied on both cases.[4]

4. Our holding here does not change the result in *Cronen.* In *Cronen,* the hearing notice was mailed on July 2, 1991, and the hearing was held on July 29, 1991, 26 days after the mailing. *Cronen* in fact did receive the three additional days contemplated by TEX.R.CIV.P. 21a, even without counting July 2 or July 29. But *Cronen* was trying to rebut the presumption that he had received the notice within three days after mailing. 835 S.W.2d at 209. He argued that he got

We acknowledge the erroneous language in *Cronen*, repudiate *De Los Santos* and *Lynch*, and return to the philosophy of *Williams*, where we said:

> [T]o achieve the rule's purpose of protecting the non-movant, we hold that Rule 166–A(c) requires a full 21 days to elapse between the day of notice and the day of hearing.

\* \* \* \* \* \*

> Because summary judgment is a harsh remedy, Rule 166–A must be strictly construed, including its notice provisions. [Citations omitted]. The notice provisions of Rule 166–A are intended to prevent judgment without the opposing party having a full opportunity to respond on the merits.

*Williams*, 724 S.W.2d at 417.

We hold the application of rule 21a does not reduce the notice of the hearing for the summary judgment to less than the 21–days required by rule 166a. When rule 21a is considered in a summary judgment case, both parts of rule 21a apply: (1) the movant can mail the motion, and it is considered served on the day it is mailed; and (2) when the motion is mailed, the movant must add three days to the date the motion is mailed to determine the 21–days for the hearing.

■ Generally, the granting or denial of a motion for continuance is within the trial court's sound discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986); *Verkin v. Southwest Center One, Ltd.*, 784 S.W.2d 92, 94 (Tex.App.—Houston [1st Dist.] 1989, writ denied). The trial court, however, does not have the discretion to deny a motion for continuance when the non-movant did not receive a full 21–days notice of the hearing. TEX.R.CIV.P. 166a(c). Here, the trial court committed an error of law, not an abuse of discretion, when it denied the appellant a continuance based on inadequate notice. We reverse and remand.

notice on July 9. We held that he did not overcome the presumption that the defendant complied with the requisites of service under rule 21a. *Id.*