

NUMBERS 13-16-00175-CV &
13-16-00176-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOE HENDERSON,                                                    **Appellant,**

**v.**

MARILYN KAY BLALOCK,                                          **Appellee.**

### On appeal from the 149th District Court
### of Brazoria County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Longoria and Hinojosa**
**Memorandum Opinion by Chief Justice Valdez**

Appellant Joe Henderson appeals the trial court's orders granting appellee Marilyn

Kay Blalock's motions for summary judgment in appellate cause numbers 13-16-00175-

CV and 13-16-00176-CV. We affirm the trial court's order in appellate cause number 13-16-00175-CV, and we reverse and remand in appellate cause number 13-16-00176-CV.[1]

## I. Background[2]

In 2010, appellant sued appellee alleging that he adversely possessed certain property located in Rosharon, Texas (hereinafter, the Rosharon address). The trial court dismissed the lawsuit for want of prosecution after the case had remained on the court's docket for over three years with almost no activity. Appellant filed a motion to reinstate the lawsuit, which the trial court denied. Appellant then appealed the trial court's decision to the Fourteenth Court of Appeals, but the appeal was unsuccessful. *See Henderson v. Blalock*, 465 S.W.3d 318, 321–24 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (affirming the trial court's orders dismissing appellant's lawsuit for want of prosecution and denying his motion to reinstate).

In 2014, appellant: (1) refiled the original lawsuit; and (2) filed a bill of review seeking to reinstate the original lawsuit that had been dismissed for want of prosecution. Appellant, now proceeding pro se, filed a notice of appearance in which he identified an address in Houston as his residence and mailing address (hereinafter, the Houston address).

Appellee, also proceeding pro se, filed separate motions for summary judgment seeking to dismiss the refiled lawsuit and the bill of review, respectively. Appellee certified

---

[1] These appeals are before the Court on transfer from the First Court of Appeals in Houston pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through Ch. 49, 2017 R.S.).

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

to the trial court in each motion that the motion was served on appellant "via certified mail, return receipt requested" to the Rosharon address.

Appellant did not file a response to appellee's motions. Thereafter, the trial court granted both motions and ordered that appellant take nothing on his claims in the refiled lawsuit and the bill of review.[3] Appellant filed timely notices of appeal, and these appeals followed.[4]

## II. Discussion

### A. Order Dismissing the Refiled Lawsuit—Appellate Cause Number 13-16-00176-CV

By his first issue, appellant contends that the trial court erred in dismissing the refiled lawsuit because he never received notice that appellee had filed the motion for summary judgment.

#### 1. Applicable Law

"Proper notice to the non-movant of the summary judgment hearing is a prerequisite to summary judgment." *Rozsa v. Jenkinson*, 754 S.W.2d 507, 509 (Tex. App.—San Antonio 1988, no writ) (citing *Gulf Refining Co. v. A.F.G. Management 34 Ltd.*, 605 S.W.2d 346, 349 (Tex. Civ. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.)). The right to summary judgment exists only in compliance with the Texas Rules of Civil Procedure. *Id.* The summary judgment movant must comply with all the requirements for proper service before being entitled to summary judgment. *Id.* (citing *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396, 400 (1958)). Because summary judgment is a harsh remedy, a reviewing court must strictly construe the notice requirements. *See Chavez v.*

---

[3] The record is not clear whether the motions were heard by submission or by oral argument.

[4] Appellee has not filed a brief to assist us in the disposition of this appeal.

3

*Chavez*, No. 01-13-00727-CV, 2014 WL 5343231, at *2 (Tex. App.—Houston [1st Dist.] Oct. 21, 2014, no pet.) (mem. op.).

Under Texas Rule of Civil Procedure 21a, the movant may serve a motion for summary judgment on the non-movant by mail, among other methods of service. TEX. R. CIV. P. 21a(2). The movant must certify on the motion filed with the court that the motion was, in fact, mailed to the non-movant. *Id.* R. 21a(e). The movant's certification of service in the motion constitutes "prima facie evidence of the fact of service." *Id.* Further, the certificate of service in the motion raises a presumption of proper receipt by the addressee. *See Mathis v. Lockwood*, 166 S .W.3d 743, 745 (Tex. 2005). However, the presumption vanishes if opposing evidence is introduced that the notice in question was not received. *See Limestone Constr., Inc. v. Summit Commercial Indus. Props., Inc.*, 143 S.W.3d 538, 544–45 (Tex. App.—Austin 2004, no pet.); TEX. R. CIV. P. 21a(e) (providing that "[n]othing herein shall preclude [the non-movant] from offering proof that the [motion] was not received").

**2.    Analysis**

Here, appellee's certificate of service states that she mailed the motion for summary judgment to the Rosharon address. This certification constitutes prima facie evidence of the fact that the motion was served on appellant and operates as a presumption of proper service. *See* TEX. R. CIV. P. 21a(e); *Lockwood*, 166 S .W.3d at 745. Appellant counters, however, that he never received the motion.

Our review of the record demonstrates that before appellee mailed the motion to the Rosharon address, she testified under oath and without equivocation that she had long since sold the property on Rosharon to two other individuals; that appellant "lives at

[the Houston address]"; and that appellant has "never lived [at the Rosharon address]." Appellee's written pleadings filed with the trial court also represent that appellant "lives" or "resides" at the Houston address. Finally, all of appellant's pro se filings pre-dating the mailing, including appellant's notice of appearance, show that his address is the Houston address, not the Rosharon address. Appellant points out on appeal that the motions were not surprisingly returned to the sender, appellee, undelivered on November 27, 2015 at 12:06 p.m.[5]

A notice sent by certified mail and returned does not provide the notice required under rule 21a. *See* Tex. R. Civ. P. 21a(e); *see also Chavez*, 2014 WL 5343231, at *3. We conclude that appellant has affirmatively demonstrated that he never received notice

---

[5] The certified mail tracking numbers are included in the motion's certificate of service. In an appendix to his brief, appellant provides publicly available tracking information from the U.S. Postal Service related to the certified mail tracking number. Appellant asks this Court to take judicial notice of the fact that the motion was returned to appellee undelivered. Evidence of this fact is readily available on the U.S. Postal Service's official USPS Tracking webpage by typing the certified tracking number into the search box and clicking the "Find" button. *See* https://tools.usps.com/go/TrackConfirmAction. We take judicial notice of the failed delivery of the motion to the Rosharon address. *See* Tex. R. Evid. 201(b) (providing that a court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned); *see also Cool Fashion of NY Inc. v. New Fashion 6TH Ave. Corp.*, 55 Misc. 3d 271, 274, 42 N.Y.S.3d 781, 783 (N.Y. Civ. Ct. 2016) (taking judicial notice of the United States Postal Service's official website, which allowed for tracking of certified mail); *Ananias v. Stratton*, 11-3274, 2012 WL 1434880, at *2 (C.D. Ill. Apr. 25, 2012) (stating: "The right-to-sue letter reflected that [it] was sent by certified mail and that the tracking number assigned to it was 7010 3090 0001 5505 5474. The Court then went to the United States Postal Service's website and entered the tracking number, which revealed that the right-to-sue letter was delivered on April 26, 2011"); *El-Aheidab v. Citibank (S. Dakota), N.A.*, C-11-5359 EMC, 2012 WL 506473, at *4 (N.D. Cal. Feb. 15, 2012) (stating: "Indeed, the Court notes that the postal service's website indicates that each of Plaintiff's mailings were in fact delivered. See U.S. Postal Service, Track & Confirm, available at https:// tools.usps.com/go/TrackConfirmAction (last visited Feb. 6, 2012). The Court takes judicial notice thereof."); *Kew v. Bank of Am., N.A.*, CIV. A. H-11-2824, 2012 WL 1414978, at *3 (S.D. Tex. Apr. 23, 2012) (taking judicial notice of the appraised fair-market value of certain real property published on the Harris County Appraisal District's website); *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (concluding that the district court abused its discretion in not taking judicial notice of information from the National Personnel Records Center's (NPRC's) website regarding health records maintained by the site); *Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 607 (7th Cir.2002) (taking judicial notice of information from official website of the FDIC); *Chapman v. San Francisco Newspaper Agency*, C 01-02305 CRB, 2002 WL 31119944, at *2 (N.D. Cal. Sept. 20, 2002) (refusing to take judicial notice of print out of tracking information from USPS's website where the data retrieved from the website was no longer available); *Weeks v. Lower Pioneer Valley Educ. Collaborative*, 14-30097-MGM, 2016 WL 696096, at *5 (D. Mass. Feb. 19, 2016) (same).

of appellee's motion for summary judgment and has rebutted the presumption of proper service. *See* TEX. R. CIV. P. 21a(e); *see also Chavez*, 2014 WL 5343231, at *3 (concluding that appellant rebutted the presumption of service of appellees' motion for summary judgment by presenting the certified mail return receipt indicating that the motion was returned to the appellee undelivered); *Transoceanic Shipping Co., Inc. v. Gen. Universal Sys., Inc.*, 961 S.W.2d 418, 420 (Tex. App.—Houston [1st Dist.] 1997, no writ) (reversing trial court's default judgment and remanding for a new trial where the evidence affirmatively showed that the defendant did not receive notice of the trial setting because the notice was returned to the sender undelivered); *Rozsa*, 754 S.W.2d at 509 (concluding that appellant was never properly served with notice of summary judgment hearing where appellant's address was incorrectly typed on the notice, appellees had access to appellant's correct address, and appellees had served appellant with other documents at the correct address twice prior to motion for summary judgment). We sustain appellant's first issue in appellate cause number 13-16-00176-CV.[6]

## B. Order Dismissing Bill of Review—Appellate Cause Number 13-16-00175-CV

As previously mentioned, appellant also filed a bill of review to reinstate the original lawsuit, which the trial court had dismissed for want of prosecution. By two issues, appellant contends that the trial court erred in dismissing the bill of review.

A bill of review is "an equitable proceeding, brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for a new trial or direct appeal." *Mabon Ltd. v. Afri-Carib Enterprises, Inc.*, 369 S.W.3d 809, 812 (Tex. 2012). A bill of review is not available to reinstate a case dismissed for want of prosecution when

---

[6] We need not address appellant's second issue because our resolution of the first issue is dispositive for purposes of his appeal in cause number 13-16-00176-CV. *See* TEX. R. APP. P. 47.1

6

an appellant filed a motion to reinstate and made an unsuccessful direct appeal during which the appellant either raised or could have raised the matters urged in a subsequent bill of review. *See Rizk v. Mayad*, 603 S.W.2d 773, 776 (Tex. 1980); *Winters Mut. Aid Ass'n Circle No. 2 v. Reddin*, 49 S.W.2d 1095, 1096 (Tex. Comm'n App. 1932, holding approved); *see also Barnes v. Deadrick*, 464 S.W.3d 48, 53 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (citing *Rizk*, 603 S.W.2d at 776).

Here, appellant moved to reinstate the original lawsuit after it was dismissed for want of prosecution. The trial court denied appellant's motion to reinstate, and the Fourteenth Court of Appeals affirmed. *See Henderson*, 465 S.W.3d at 321–24. Appellant now seeks a bill of review to reinstate the lawsuit. In the bill of review, appellant asserts that the case was improperly dismissed because appellee wrongfully avoided service of process and because the trial court allegedly was under a mistaken belief that the case had to be dismissed. After carefully reviewing the allegations contained in appellant's bill of review, appellant's brief, and the opinion of the Fourteenth Court of Appeals on direct appeal, we conclude that the matters raised in the bill of review either were raised and rejected on direct appeal or could have been raised on direct appeal. Therefore, a bill of review is not available to appellant. *See Rizk*, 603 S.W.2d at 776 (observing that "a bill of review may not be used as an additional remedy after one has timely filed a motion to reinstate . . . and has made a timely but unsuccessful appeal"); *see also Reddin*, 49 S.W.2d at 1096. Accordingly, we overrule appellant's issues in appellate cause number 13-16-00175-CV.[7]

---

[7] We would also note that the original lawsuit was dismissed without prejudice because there was no adjudication on the merits. *See Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex. 1980) (observing that a litigant may refile an action that has been dismissed for want of prosecution because the merits of such an action remain undecided). For all practical purposes, refiling the lawsuit afforded appellant the same relief

7

### III.    Conclusion

In appellate cause number 13-16-00175-CV, we affirm the trial court's order dismissing appellant's bill of review.  In appellate cause number 13-16-00176-CV, we reverse the trial court's order dismissing the refiled lawsuit and remand for further proceedings.[8]

/s/ Rogelio Valdez
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
3rd day of August, 2017.

---

he sought to obtain through the bill of review—i.e., reinstatement of the original lawsuit.  And appellant does not explain why dismissal of the bill of review is of any real consequence under these circumstances.

[8] Appellant also filed a motion to dismiss for want of jurisdiction in appellate cause number 13-16-00176-CV.  Appellant asserts in his motion to dismiss that the trial court's order granting appellee's motion for summary judgment lacks finality as to all parties and claims and is therefore not appealable.  *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) (holding that a judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties).  After reviewing the language contained in the trial court's order, we conclude that the order is final as to all parties and all claims.  Accordingly, we deny appellant's motion to dismiss.